**UNITED STATES BANKRUPTCY COURT, SOUTHERN DISTRICT OF FLORIDA**
www.flsb.uscourts.gov
**MMM CHAPTER 13 PLAN (Individual Adjustment of Debts)**

☐ ___MMM___  Amended Plan (Indicate 1st, 2nd, etc. amended, if applicable)
☐ _____  Modified Plan (Indicate 1st, 2nd, etc. amended, if applicable)

DEBTOR: Rosie Smith          JOINT DEBTOR: _____          CASE NO: 17-16198 JKO
Last Four Digits of SS# xxx-xx-4468     Last Four Digits of SS# xxx-xx-___     Case Filed On: 01/9/17

**MONTHLY PLAN PAYMENT:** Including trustee's fee of 10% and beginning 30 days from filing/conversion date, Debtor(s) to pay to the trustee for the period of __60__ months. In the event the trustee does not collect the full 10%, any portion not collected will be paid to creditors pro-rata under the plan:

    A.  $ __923.34__ for months __1__ to __60__ ;
    B.  $ _____ for months _____ to _____; in order to pay the following creditors:

Administrative:  Safe Harbor Attorney's Fee    $ 3,500.00    Plus filing fees and costs
                 MMM fees                      $ 2,500.00
                 Total Attorney's Fees Owed    **$ 6,000.00**
                 Total Paid Direct by Client   $ 2,200.00    Plus filing fees and costs
                 Balance Due                   **$ 3,800.00**   payable $ __190.00__ /month (months 1 to 20)

Secured Creditors: [Retain Liens pursuant to 11 U.S.C. §1325 (a)(5)] Mortgage(s)/Liens on Real or Personal Property:

Bayview Loan Servicing, LLC          MMM payment $ 649.40/month (months 1 to 60)
4425 Ponce de Leon Blvd.              (contractual including PITI)
Coral Gables, FL 33146
Account # 7874/CACE 17-00297

**IF YOU ARE A SECURED CREDITOR LISTED BELOW, THE PLAN SEEKS TO VALUE THE COLLATERAL SECURING YOUR CLAIM IN THE AMOUNT INDICATED. A SEPARATE MOTION WILL ALSO BE SERVED ON YOU PURSUANT TO BR 7004 and LR 3015-3.**

| Secured Creditor | Description of Collateral and Value of Collateral | Interest Rate | Plan Payments | Months of Payments | Total Plan Payments |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

Priority Creditors:

n/a

Unsecured Creditors:    Pay $ __190.00__ /month (Months __21__ to __60__)

Pro rata dividend will be calculated by the Trustee upon review of filed claims after bar date.

Other Provisions Not Included Above:

The Debtor has filed a Verified Motion for Referral to MMM with Bayview Loan Servicing, LLC ("Lender"), loan number #7874, for real property located at 2207 Farragut Street, Hollywood, FL 33020. The parties shall timely comply with all requirements of the Order of Referral to MMM and all Administrative Orders/Local Rules regarding MMM. While the MMM is pending and until the trial/interim payment plan or the permanent mortgage modification/permanent payment is established by the parties, absent Court order to the contrary, the Debtor has included a post-petition monthly plan payment (a) with respect to the Debtor's homestead, of no less than the lower of the prepetition monthly contractual mortgage payment or 31% of the Debtor's gross monthly income (after deducting any amount paid toward HOA fees due for the property) and (b) with respect to income producing property, of no less than 75% of the gross income generated by such property, as a good faith adequate protection payment to the lender. All payments shall be considered timely upon receipt by the trustee and not upon receipt by the lender. Until the MMM is completed and the Final Report of Mortgage Modification Mediator is filed, any objection to the lender's proof of claim on the real property described above shall be held in abeyance as to the regular payment and mortgage arrearage stated in the proof of claim only. The Debtor shall assert any and all other objections to the proof of claim prior to confirmation of the plan or modified plan. If the Debtor, co-obligor/co-borrower or other third party (if applicable) and the lender agree to a settlement as a result of the pending MMM, the Debtor will file the MMM Local Form "Ex Parte Motion to Approve Mortgage Modification Agreement with Lender" (or Self-Represented Debtor's Motion to Approve Mortgage Modification Agreement with Lender) no later than 14 calendar days following settlement. Once the settlement is approved by the Court, the Debtor shall immediately amend or modify the plan to reflect the settlement and the lender shall amend its

Proof of Claim to reflect the settlement, as applicable. If a settlement is reached after the plan is confirmed, the Debtor will file a motion to modify the plan no later than 30 calendar days following approval of the settlement by the Court and the Lender shall have leave to amend its Proof of Claim to reflect the settlement reached after confirmation of the plan. The parties will then timely comply with any and all requirements necessary to complete the settlement. In the event the Debtor receives any financial benefit from the lender as part of any agreement, the Debtor shall immediately disclose the financial benefit to the Court and the trustee and amend or modify the plan accordingly. If the lender and the Debtor fail to reach a settlement, then no later than 14 calendar days after the mediator's Final Report is filed, the Debtor will amend or modify the plan to (a) conform to the lender's Proof of Claim (if the lender has filed a Proof of Claim), without limiting the Debtor's right to object to the claim or proceed with a motion to value; or (b) provide that the real property will be "treated outside the plan. If the property is "treated outside the plan," the lender will be entitled to in rem stay relief to pursue available state court remedies against the property. Notwithstanding the foregoing, lender may file a motion to confirm that the automatic stay is not in effect as to the real property. Confirmation of the plan will be without prejudice to the assertion of any rights the lender has to address payment of its Proof of Claim.

As of the date of filing, the Debtor is current with her car payments to Embassy Loans, Inc., account #1580 and will continue to pay directly.

As the Debtor's car payments are complete as of month 8 of the plan.  As a result, she is paying the unsecured creditors over and above the required payments.

I declare that the foregoing chapter 13 plan is true and correct under penalty of perjury.

  /s/     Filed ECF          
Chad Van Horn, Esq. with the
consent of the Debtor(s)

Date:     05/25/17